IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

**JAMES VANGEL, Individually and on Behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                                       No. 2:20-cv-957

**US JOINER, LLC, and TRIDENT MARITIME COMPANY**                                **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff James Vangel, individually and on behalf of others similarly situated, by and through his attorney Jon R. Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants US Joiner, LLC, and Trident Maritime Company (collectively "Defendant" or "Defendants"), and in support thereof he states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.   Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant employed Plaintiff in Seattle. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiff within the Seattle Division of the Western District of Washington, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5. Plaintiff is an individual and resident of Snohomish County.

8. Separate Defendant US Joiner, LLC ("US Joiner"), is a Virginia limited liability company.

9. US Joiner's registered agent for service is Corporation Service Company, at 100 Shockoe Slip, Second Floor, Richmond, Virginia 23219.

10. Separate Defendant Trident Maritime Company ("Trident Maritime") is a domestic, for-profit corporation.

11. Trident Maritime's registered agent for service is National Registered Agents, Inc., at 711 Capitol Way South, Suite 204, Olympia, Washington 98501.

12. Trident Maritime maintains a website at https://tridentllc.com/.

## IV.     FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

14. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA.

17. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

18. Upon information and belief, revenue from the individual business entities was merged and managed in a unified manner.

19. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

20. Defendant repairs and upgrades ships, among other endeavors.

21. Plaintiff worked for Defendant as an hourly-paid employee at Defendant's location in Seattle during the three years preceding the filing of this Complaint.

22. Specifically, Defendant employed Plaintiff as an Outfitting Specialist from August of 2012 until June of 2020.

23. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

24. During Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

25. Plaintiff's duties included installing wall sheeting and cabinets on ships.

26. In addition to his hourly rate, Plaintiff periodically received nondiscretionary bonuses.

27. Defendant also employed other hourly employees who received nondiscretionary bonuses ("bonusing employees").

28. Plaintiff and other bonusing employees worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

29. Plaintiff and other bonusing employees received bonuses based on certain objective requirements such as company profits and safety records.

30. These nondiscretionary bonuses were a form of compensation to the Plaintiff and other bonusing employees.

31. During weeks in which Plaintiff and other bonusing employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff

and other bonusing employees.

32.  Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

33.  Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Plaintiff's and other bonusing employees' overtime pay.

34.  Upon information and belief, Defendant's bonus policy was the same at all of its locations.

35.  Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    COLLECTIVE ACTION ALLEGATIONS

36.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37.  Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.  Plaintiff brings his FLSA claim on behalf of all other hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A.  Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

39. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly rates;

    C.    They recorded their time in the same manner;

    D.    They received nondiscretionary bonuses;

    E.    They worked over forty hours in at least one week in which they performed work related to a bonus; and

    F.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

41. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty (50) persons.

42. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing

addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

45. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

46. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

47. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in his regular rate when calculating his overtime pay.

48. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of

prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

51.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52.    Plaintiff brings this collective action, on behalf of himself and all hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty (40) each week.

53.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

54.    Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

55.    In the past three years, Defendant has employed more than fifty (50) hourly-paid employees who were eligible for nondiscretionary bonuses.

56.    Upon information and belief, Plaintiff and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

57.    Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

58.    Because these employees are similarly situated to Plaintiff, and are owed

overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees within the past three years who earned a bonus in connection with work performed in any week in which they worked more than forty hours.**

59.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

61.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Vangel respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the members of the putative class and all monies paid to them;

B.   A declaratory judgment that Defendant's practices violate the FLSA and the attendant regulations;

C.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.	Judgment for damages for all unpaid overtime compensation under the FLSA and the attendant regulations;

E.	Judgment for liquidated damages pursuant to the FLSA and the attendant regulations in an amount equal to all unpaid overtime compensation;

F.	An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

G.	Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JAMES VANGEL, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

Jon R. Sanford
Sanford Law Firm, PLLC
Post Office Box 6111
Edmonds, Washington 98026
Telephone: (501) 221-0088
jon@sanfordlawfirm.com

*/s/ Jon R. Sanford*
Jon R. Sanford
WA Bar No. 54557
jon@sanfordlawfirm.com

James Vangel, et al. v. US Joiner, LLC, et al.
U.S.D.C. (W.D. Wash.) Case No. 2:20-cv-957
Original Complaint—Collective Action